UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ATON SELECT FUND, LTD, a Republic
of Mauritius limited liability company,   Case No. 1:22-cv-6612

          Plaintiff,

vs.

CELL SOURCE, Inc., a Nevada
Corporation, ITAMAR SHIMRAT,
PHILIP D. FORLENZA and GIORDANO
HALLERAN & CIESLA, P.C.,

          Defendants.
_____/

# COMPLAINT

    Plaintiff, Aton Select Fund, Ltd. ("Aton"), files this complaint against Defendant, Cell Source, Inc. ("Cell Source"), Itamar Shimrat ("Shimrat"), Philip D. Forlenza ("Forlenza") and Giordano Halleran & Ciesla, P.C.("GHC") and alleges as follows:

    1.    Plaintiff, Aton, is a limited liability company formed under the laws of the Republic of Mauritius, with its principal place of business in Vaduz, Liechtenstein.

    2.    Defendant, Cell Source, is a Nevada corporation with its principal place of business in New York, New York.

    3.    Defendant Shimrat has, at all material times, been the President and CEO of Cell Source and, upon information and belief, is a resident of Israel.

    4.    Defendant, Forlenza, is an attorney admitted to the practice of law in New York and New Jersey, is a partner in the law firm, GHC, and upon information and belief is a resident of New Jersey.

    5.    Defendant, GHC, is a law firm based in New Jersey with offices in New York.

6. At all relevant times, defendants, Forlenza and the firm, GHC, represented defendant, Cell Source.

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This court has personal jurisdiction over defendant, Shimrat, pursuant to CPLR 302(a)(1) and (a)(3) because Shimrat, on behalf of Cell Source, regularly transacts business in the state and the claims herein arise from such transactions. Shimrat has also committed tortious acts outside the state that has caused injury to Aton. Additionally, Cell Source and Aton agreed to the exclusive jurisdiction in state court in New York County or in the Southern District of New York.

9. This court has personal jurisdiction over defendants, Forlenza and GHC, pursuant to CPLR 301, in that they are doing business in New York, CPLR 302(a)(1) in that they regularly transact business in New York and CPLR 302(a)(3), in that they committed tortious acts outside the state that caused injury to Aton.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Cell Source's principal place of business is within this district.

**Factual Background**

11. Cell Source is a publicly traded biotechnology company focused on developing cell therapy treatments based on the management of immune tolerance.

12. Aton owns 360,000 shares of common stock of Cell Source (the "Shares").

13. In November 2013, pursuant to a Subscription Agreement, Aton acquired shares of Cell Source, Ltd., an Israeli subsidiary of Cell Source.

14. On or about June 30, 2014, Cell Source (at the time named Ticket to See, Inc.), entered into a Share Exchange Agreement with Cell Source, Ltd. and certain shareholders of Cell Source, Ltd., whereby the shares of Cell Source, Ltd. held by certain shareholders, including Aton, were exchanged for Cell Source shares including Anton's shares. At the same time, Ticket to See, Inc. changed its name to Cell Source.

15. The Shares are represented by stock certificate number 1055, dated July 3, 2014, CUSIP No. 15114L 10 4 issued to Aton (the "Certificate").

16. The Certificate contains a restrictive legend pursuant to Rule 144 of the Securities Act of 1933 (the "Act") which prevents the sale of the Shares in the public market.

17. Rule 144 of the Act provides for the removal of the stock transfer restrictions and permits the sale of such securities if certain requirements are met.

18. All requirements enabling the removal of the restrictions from the Shares have been satisfied.

19. Since at least September 29, 2021, repeated efforts have been made on behalf of Aton demanding Cell Source to authorize its transfer agent to remove the restrictive legend and permit the sale of the Shares. On September 29, 2021, January 28, 2022, and April 21, 2022, letters (each an "Opinion Letter") were provided to Cell Source's transfer agent on behalf of Aton opining that all requirements have been satisfied enabling the removal of the restrictive legends on the Shares and permitting Aton to transfer the Shares.

20. Despite satisfying all necessary requirements, defendant, Shimrat, refused to authorize Cell Source's transfer agent to remove the restrictive legends from the Shares.

21. At all relevant times, Cell Source was represented by defendants, Forlenza and GHC. On at least one occasion, Forlenza, representing Cell Source, advised a lawyer whose firm

issued the Opinion Letters and despite being advised that of the potential liability for the wrongful refusal to enable the transfer of the Shares, advised that he was not authorized to accept any opinions for the transfer of the Shares and his client refused to permit the transfer.

22. Aton has incurred substantial damages in its inability to sell the Shares as the market price declined since issuance of each of the Opinion Letters.

23. Aton is not an affiliate of Cell Source since it does not hold the power to direct the control of Cell Source and has not held such power at any material time. As of April 11, 2022, Cell Source's Form 10-K filed with the Securities and Exchange Commission disclosed that it had 34,437,076 shares of common stock outstanding so Aton owned just over 1% of outstanding common stock. Officers and directors of Cell Source were reported by the Form 10-K to own over 10%.

24. As a non-affiliate, one requirement of Rule 144 applies – the shareholder owned the common stock for more than one year.

25. Aton has owned the Shares for almost eight years.

26. Rule 144(i) provides that if the issuer was formerly a shell corporation the securities may only be sold if the issuer had filed all reports required to be filed under Section 13 of the Securities Exchange Act of 1934 (the "Exchange Act") except Form 8-K.

27. Accordingly, because there was uncertainty whether Cell Source had ever been a shell corporation, each Opinion Letter had a "sell by" date which coincided with the date upon which the next Exchange Act report was required to be filed.

28. At all relevant times, the Shares could have been sold under the Opinion Letters since prior to the "sell by" date in each Opinion Letter, Cell Source met the requirements of Rule 144(i) assuming it had ever been a shell.

29. Aton remains ready, willing and able to provide additional Opinion Letters containing all requisite information but same would be futile as Cell Source will continue to refuse to authorize the transfer agent to remove the restrictive legends and the deadlines inserted into each letter would continue to expire. Further, on information and belief, the Defendants would not permit the Shares to be sold pursuant to an Opinion Letter using Section 4(a)(1) under the Act.

30. Aton is ready, willing and able and hereby tenders the Shares to the transfer agent in order to remove the restrictive legends from the Shares.

31. In accordance with industry practice, Cell Source's stock transfer agent requires confirmation from counsel for Cell Source that the Opinion Letters comply with Rule 144, or with respect to the third Opinion Letter, Section 4(a)(1) of the Securities Act of 1933, and each was acceptable.

32. There is no legitimate reason for Cell Source not to permit the Shares to have the restrictive legend to be removed in connection with a sale.

33. Alternatively, the Shares can be sold under Section 4(a)(1) under the Act as a transaction not involving an issuer, underwriter or dealer since Aton is not one of the foregoing categories.

34. Upon information and belief, Defendant Itamar Shimrat controlled Cell Source's conduct and decisions in reference to the actions and inactions which form the basis of this action, actively and individually participated in that conduct and advised Cell Source's counsel, defendants Forlenza and GHC, not to act in order to keep the Shares from being sold and depressing the public price.

35. Defendants, Forlenza and GHC, knowingly and wrongfully participated with Shimrat in unreasonably withholding Cell Source's authorization to its transfer agent to remove the restrictive legend and permit the transfer of the Shares.

36. Defendants, Forlenza and GHC, never advised Plaintiff's counsel that there were any defects with any Opinion Letter.

37. Alternatively, if Defendants, Forlenza and GHC, were ordered by their client or a representative of their client not to accept the Opinion Letters, they had a duty to withdraw as counsel and not wrongfully prevent Plaintiff from selling the Cell Source Shares. Instead they participated and aided and abetted Defendants Cell Source and Shimrat's delay tactics.

### Count I
### Action Against Cell Source, Shimrat, Forlenza and GHC for Damages for Wrongful Refusal to Transfer

38. Aton repeats and realleges the allegations of paragraphs 1 through 37 as though fully set forth herein.

39. This is an action for damages due to the unjustified refusal by Defendants to instruct Cell Source's transfer agent to remove the restrictive legends from the Shares.

40. All requirements to enable the restrictive legends to be removed from the Shares have been satisfied.

41. Repeated demands have been made on behalf of Aton to Cell Source's transfer agent to remove the restrictive legend from the Shares, but the transfer agent requires approval from Cell Source. Defendants, Shimrat, Forlenza and GHC, unjustifiably refused for Cell Source to authorize the removal the restrictive legends from the Shares.

42. As a result of the foregoing, Aton has been and continues to incur damages due to Defendants' improper conduct as the market price for the Shares has continued to decline.

WHEREFORE, Plaintiff, Aton Select Fund, Ltd., demands that judgment be entered in its favor and against Defendants, Cell Source, Inc., Itamar Shimrat, Philip D. Forlenza and Giodano Halleran & Ciesla, P.C., jointly and severally for damages, together with costs and prejudgment interest.

### Count II
### Action Against Cell Source, Shimrat, Forlenza and GHC, for Damages for Conversion

43.　Aton repeats and realleges the allegations of paragraphs 1 through 37 as though fully set forth herein.

44.　This is an action for damages due to the conversion of the Shares.

45.　Aton is the owner of the Shares and is entitled to ownership of same without the restrictive legends.

46.　Cell Source, Shimrat, Forlenza and GHC, have intentionally and without authority exercised control over the Shares and Aton's right to the Shares without the restricted legend, interfering with and preventing Aton's right to possession of same.

47.　All requirements to enable the restrictive legends to be removed from the Shares have been satisfied.

48.　Repeated demands have been made on behalf of Aton to Cell Source's transfer agent to remove the restrictive legends from the Shares, but defendants, Shimrat, Forlenza, GHC, and Cell Source are preventing the transfer agent from removing the restrictive legend.

49.　As a result of the foregoing, Aton has been and continues to incur damages due to the Defendants' improper conduct as the market price for the Shares has continued to decline.

WHEREFORE, Plaintiff, Aton Select Fund, Ltd., demands that judgment be entered in its favor and against Defendants, Cell Source, Inc., Itamar Shimrat, Philip D. Forlenza and Giordano

Halleran & Ciesla, P.C., jointly and severally for damages, together with costs and prejudgment interest.

### Count III
### Action for Declaratory Judgment

50. Aton repeats and realleges the allegations of paragraphs 1 through 37 as though fully set forth herein.

51. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a question in actual controversy between the parties as to whether the restrictive legend on the Shares should be removed permitting the Shares to be freely transferred or sold.

52. Aton has met all requirements under the Act, including Rule 144, enabling the restrictive legends on the Shares to be removed, thus enabling Aton to sell the Shares free and clear of any restrictions.

53. Despite being provided repeated opinions on behalf of Aton as to the compliance with all requirements to remove the restrictive legends from the Shares, Cell Source refuses to instruct its transfer agent to remove the restrictive legends from the Shares and permit the Shares to be sold or transferred.

54. The parties require court intervention to resolve this dispute.

WHEREFORE, Plaintiff, Aton Select Fund, Ltd., demands that a declaratory judgment be entered in its favor and against Defendant, Cell Source, Inc., finding that all requirements have been met enabling the restrictive legends to be removed from the Shares, that Cell Source be required to instruct its transfer agent to remove the restrictive legends from the Shares, permit the

Shares to be freely transferred and sold and grant preliminary and permanent injunctive relief and such other and further relief as may be proper.

        NASON YEAGER GERSON HARRIS & FUMERO, P.A.
        3001 PGA Boulevard, Suite 305
        Palm Beach Gardens, FL  33410
        Tel: (561) 686-3307
        Fax: (561) 686-5442
        gwoodfield@nasonyeager.com
        sdaversa@nasonyeager.com


By: /s/ Gary Woodfield
     Gary Woodfield