# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ATON SELECT FUND, LTD, a Republic
of Mauritius company,                             Case No. 1:22-cv-6612 (RA)

            Plaintiff,

   vs.

CELL SOURCE, Inc., a Nevada
Corporation,
            Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, Aton Select Fund, Ltd. ("Aton"), files this amended complaint against Defendant,

Cell Source, Inc. ("Cell Source"), and alleges as follows:

1.    Plaintiff, Aton, is a private company comprised of shareholders formed under the

laws of the Republic of Mauritius, with its principal place of business in Vaduz, Liechtenstein.

2.    Defendant, Cell Source, is a Nevada corporation with its principal place of

business in New York, New York.

3.    This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2),

because there is complete diversity between the parties and the amount in controversy exceeds

$75,000, exclusive of interest and costs.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Cell

Source's principal place of business is within this district.

## Factual Background

### Aton's Interest in Cell Source

5.      Cell Source is a publicly traded biotechnology company focused on developing cell therapy treatments based on the management of immune tolerance.

6.      Aton owns 360,000 shares of common stock of Cell Source (the "Shares").

7.      In November 2013, pursuant to a Subscription Agreement, Aton acquired shares of Cell Source, Ltd., an Israeli subsidiary of Cell Source.

8.      On or about June 30, 2014, Cell Source (at the time named Ticket to See, Inc.), entered into a Share Exchange Agreement with Cell Source, Ltd. and certain shareholders of Cell Source, Ltd., whereby the shares of Cell Source, Ltd. held by certain shareholders, including Aton, were exchanged for Cell Source shares.  At the same time, Ticket to See, Inc. changed its name to Cell Source.

9.      The Shares acquired and owned by Aton are represented by stock certificate number 1055, dated July 3, 2014, CUSIP No. 15114L 10 4 issued to Aton (the "Certificate").

10.      The Certificate contains a restrictive legend ("Restrictive Legend" or "Legend") pursuant to Rule 144 of the Securities Act of 1933 (the "Act") which prevents the sale of the Shares in the public market.

11.      Aton does not hold the power to direct the control of Cell Source and has not held such power at any material time.  As of April 11, 2022, Cell Source's Form 10-K filed with the Securities and Exchange Commission disclosed that it had 34,437,076 shares of common stock outstanding so Aton owned just over 1% of outstanding common stock. Officers and directors of Cell Source were reported by the Form 10-K to own over 10%.

12.     Aton is not an affiliate or a party which is, directly or indirectly, in control of Cell Source, controlled by Cell Source, or under direct or indirect control of Cell Source.

## Authority for the Removal of the Restrictive Legend

13.     Notwithstanding the Restrictive Legend, Section 4(a)(1) of the Act exempts from registration transactions not involving an issuer, underwriter or dealer.

14.     Aton is not an issuer, underwriter or dealer as defined by, or used in, the Act.

15.     Therefore, the Shares can be sold under Section 4(a)(1) under the Act as a transaction not involving an issuer, underwriter or dealer since Aton is not one of the foregoing categories.

16.     In addition, Rule 144 of the Act provides for the removal of the stock transfer restrictions and permits the sale of such securities if certain requirements are met.

17.     Since Aton is a non-affiliate of Cell Source, the only requirement of Rule 144 that applies for the removal of the Legend is that the shareholder owned the common stock for more than one year.

18.     Aton has owned the Shares for almost eight years.

## Aton's attempts to have the Restrictive Legend Removed

19.     All requirements enabling the removal of the Restrictive Legend from the Shares and the sale of same have been satisfied and all conditions precedent to this action have occurred or been waived.

20.     Beginning in approximately the late summer or early fall of 2021, Aton began efforts to have the Restrictive Legend removed so that it could sell the Shares.

21.     In conjunction with its efforts to remove the Legend, Aton's representatives tendered the Shares to Cell Source's transfer agent and requested that the Legend be removed.

Cell Source refused to authorize its transfer agent to remove the Legend and the Shares tendered to Cell Source's transfer agent were returned to Aton.

22.     In addition to tendering the Shares, Aton caused at least three letters to be sent, demanding that Cell Source authorize its transfer agent to remove the Restrictive Legend and permit the sale of the Shares.

23.      On September 29, 2021, Aton provided an opinion letter to Cell Source's transfer agent opining that the Legend could be removed from the Shares because Aton was not an issuer, underwriter or dealer.

24.     When Cell Source would not authorize the removal of the Legend after receipt of the tendered Shares and the September 29, 2021 letter referenced above, Aton sent additional opinion letters on January 28, 2022 and April 21, 2022, advising Cell Source that the Legend could also be removed from the Shares pursuant to Rule 144(b)(1)(i) of the Act. (the September 2021, January 2022 and April 2022 opinion letters are, singularly and collectively in various combinations referenced as an "Opinion Letter" or as "Opinion Letters").

25.     The January and April, 2022 Opinion Letters each had a "sell by" date which coincided with the date upon which the next Exchange Act report was required to be filed.

26.     The only reason that the January and April Opinion Letters had "sell by" dates is because there was uncertainty whether Cell Source had ever been a shell corporation and  Rule 144(i) provides that if the issuer was formerly a shell corporation, the securities may only be sold if the issuer had filed all reports required to be filed under Section 13 of the Securities Exchange Act of 1934 (the "Exchange Act") except Form 8-K.

27. At all relevant times, the Shares could have been sold under the Opinion Letters since prior to the "sell by" date in each Opinion Letter, Cell Source had met the requirements of Rule 144(i) assuming it had ever been a shell.

28. This was not merely a situation of Cell Source ignoring the Opinion Letters and the demands that the Legend be removed, but Cell Source's representative unequivocally advised Aton's representative that Cell Source refused to permit the removal of the Legend and the sale of the Shares.

29. Aton has incurred substantial damages in its inability to sell the Shares as the market price has declined since issuance of each of the Opinion Letters.

30. Aton remains ready, willing and able to provide additional Opinion Letters containing all requisite information and to again tender the Shares, but same would be futile and Cell Source will continue to refuse to authorize the transfer agent to remove the Restrictive Legend and the deadlines inserted into each letter would continue to expire. The futility of additional tender and opinion letters is manifestly apparent as one tender and three such Opinion Letters, which collectively provided Cell Source with the information necessary to authorize the removal of the Legend under two separate grounds of removal have already proven futile and as Cell Source has advised Aton in unequivocal terms that the Legend removal and transfer will not be authorized.

31. In accordance with industry practice, Cell Source's stock transfer agent requires confirmation from counsel for Cell Source that the Opinion Letters comply with Rule 144 or, with respect to the September 2021 Opinion Letter, Section 4(a)(1) of the Securities Act, and each was acceptable.

32.     Upon receipt of each Opinion Letter, Cell Source was required to instruct its transfer agent to remove the Legend from the Shares.  There is no legitimate reason for Cell Source not to permit the Restrictive Legend to be removed from the Shares in connection with a sale.

### Count I
### Action Against Cell Source for
### Damages for Wrongful Refusal to Transfer

33.     Aton repeats and realleges the allegations of paragraphs 1 through 32 as though fully set forth herein.

34.     This is an action for damages due to the unjustified refusal by Cell Source to instruct its transfer agent to remove the Restrictive Legend from the Shares.

35.     Repeated demands have been made on behalf of Aton to Cell Source and its transfer agent to remove the Restrictive Legend from the Shares, but the transfer agent requires approval from Cell Source.  Defendant Cell Source has unjustifiably refused to authorize the removal of the Restrictive Legend from the Shares.

36.     As a result of the foregoing, Aton has been and continues to incur damages due to Defendant's improper conduct as the market price for the Shares has continued to decline.

WHEREFORE, Plaintiff, Aton Select Fund, Ltd., demands that judgment be entered in its favor and against Defendant, Cell Source, Inc., for damages, together with costs and prejudgment interest.

### Count II
### Action Against Cell Source for Damages for Conversion

37.     Aton repeats and realleges the allegations of paragraphs 1 through 32 as though fully set forth herein.

38.     This is an action for damages due to the conversion of the Shares.

39.     Aton is the owner of the Shares and is entitled to ownership of same without the restrictive legend and the control Cell Source exercises over the Shares as a result of the Legend.

40.     By refusing to remove the Legend, Cell Source has intentionally and without authority exercised control over the Shares and Aton's right to the Shares without the Restrictive Legend, interfering with and preventing Aton's right to control and possess same or to exercise the rights of such ownership.

41.     Repeated demands have been made on behalf of Aton to Cell Source's transfer agent to remove the Restrictive Legend from the Shares, but Cell Source is preventing the transfer agent from removing the Restrictive Legend.

42.     As a result of the foregoing, Aton has been and continues to incur damages due to the Defendant's improper conduct as the market price for the Shares has continued to decline.

WHEREFORE, Plaintiff, Aton Select Fund, Ltd., demands that judgment be entered in its favor and against Defendant, Cell Source, Inc., for damages, together with costs and prejudgment interest.

## Count III
## Action for Declaratory Judgment

43.     Aton repeats and realleges the allegations of paragraphs 1 through 32 as though fully set forth herein.

44.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a question in actual controversy between the parties as to whether the Restrictive Legend on the Shares should be removed permitting the Shares to be freely transferred or sold.

45.     Aton has met all requirements under the Act, including Rule 144, enabling the Restrictive Legend on the Shares to be removed, thus enabling Aton to sell the Shares free and clear of any restrictions.

46.     Furthermore, since a transaction by Aton, as a non-issuer, underwriter or dealer, would be exempt from the need for registration, Aton should be able to sell the Shares.

47.     Despite being provided repeated opinions on behalf of Aton as to the compliance with all requirements to remove the Restrictive Legend from the Shares, and to the ability to sell the Shares as part of an exempt transaction, Cell Source refuses to instruct its transfer agent to remove the Restrictive Legend from the Shares and permit the Shares to be sold or transferred.

48.     The parties require court intervention to resolve this dispute.

WHEREFORE, Plaintiff, Aton Select Fund, Ltd., demands that a declaratory judgment be entered in its favor and against Defendant, Cell Source, Inc., finding that a sale of the Shares would be exempt from the need for registration, that all requirements have been met enabling the Restrictive Legend to be removed from the Shares, that Cell Source be required to instruct its transfer agent to remove the Restrictive Legend from the Shares and to permit the Shares to be freely transferred and sold;  granting preliminary and permanent injunctive relief  and such other and further relief as may be proper.

NASON YEAGER GERSON HARRIS & FUMERO, P.A.
3001 PGA Boulevard, Suite 305
Palm Beach Gardens, FL  33410
Tel: (561) 686-3307
Fax: (561) 686-5442
gwoodfield@nasonyeager.com


By: /s/ Gary Woodfield
      Gary Woodfield

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via either transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: _/s/_ Gary Woodfield
Gary Woodfield